[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Plaintiff James Leal and defendant Robin Leal were married on March 21, 1987. They had two children of the marriage. After they were married they purchased as joint tenants real property known as 68 Lyness Street in Manchester, Connecticut. As part of the purchase transaction they executed a mortgage deed and note to People's Bank.
On May 9, 1991 the parties were divorced. The divorce judgment ordered James Leal to quitclaim his interest in said property to Robin Leal. The judgment further provided that upon the sale of the property Robin Leal should pay James Leal "$5,000.00 or one-half of the net proceeds of any sale, whichever is less."
In accordance with the judgment, James Leal quitclaimed his interest in said property to Robin Leal who continued to live there with the two minor children. Also Robin Leal continued to pay the mortgage on the house. In the meantime James Leal moved to an apartment in East Hartford with his girlfriend. CT Page 4599
Sometime in 1995 Robin Leal wrote a note to James Leal (and his girlfriend). The note stated that Robin Leal was planning to put the house on the market and move to Massachusetts with the children. She stated that she understood that James Leal was looking for a house and suggested that she might be willing to make an offer to him so that he could move into the house at 68 Lyness Street in Manchester and pay the mortgage. (See Plaintiffs Ex. 4). Although said note mentioned deeding the house to James Leal, it never stated what the terms of such an offer would be. In fact the note stated: "If you are interested in my offer, call me and we can meet and discuss it."
After receiving the note James and Robin Leal met to discuss the terms of any agreement pertaining to the house. At some point Robin Leal offered to deed the entire interest in the house to James Leal provided he paid her $5000. He turned this offer down. Also during the negotiations Robin Leal offered to deed the entire interest in the house to James Leal with the following proviso: either (1) he would continue to pay the mortgage for eight years after which the house would be sold, and they would divide the net proceeds equally; or (2) he would keep the house and pay her 1/2 the equity after eight years. James Leal turned this offer down as well. After further negotiations during which no oral agreement was reached, Robin Leal prepared a quitclaim deed dated August 31, 1995. Said deed quitclaimed to James Leal an undivided one-half interest in the property. Said deed contained the following provision: "By accepting this conveyance, and in consideration thereof, James Leal shall pay, and hold Robin J. Leal harmless from, any indebtedness due on a mortgage to Peoples Bank . . . and hereby waives any other monetary obligations due him from Robin J. Leal." (Plaintiffs Ex. 6). James Leal received the deed at the beginning of September and proceeded to have a title search done. He then moved into the premises in September after receiving the deed, paid the mortgage then due after moving in and has continued to pay the monthly mortgage ever since. He did not record the deed until October 23, 1995.
In this lawsuit James Leal now claims that it was his understanding that he and Robin had agreed that she would deed the entire interest in the property to him, not merely a one half interest, that he never read the deed, and that Robin tricked him into believing that he was receiving the whole house, not just a one-half interest. CT Page 4600
In Count 1 of the complaint James Leal alleges Breach of Contract. At trial he took the position that in her note (Ex. 4) Robin had offered to deed the "whole house" to him. The court does not believe that to be the case. Although the note appears to be somewhat ambiguous, the court finds that Robin Leal suggests in the note that they meet to discuss the matter. Clearly she intended to negotiate the terms of any agreement. Thus her note cannot be held to be a binding contract. In fact, the court finds that the deed itself prepared by Robin Leal was a firm offer and that James accepted the offer by recording the deed, moving into the house and paying the mortgage. At trial he claimed he never even read the deed nor discussed it with his lawyer. If such was the case, he acted at his peril. He should have read the deed, and if he did not agree to the terms set forth therein, he should have returned the deed to Robin Leal and not moved into the house.
In the second count James claims that Robin promised to transfer all her right, title, and interest in the property to him in exchange for his making mortgage and other payments. He claims that she is thus estopped from refusing to convey all her interest in the premises to him. The court disagrees inasmuch as her preparation of the deed (Ex. 6) and his recording of the same constitutes the contract between the parties.
In Count 3 James Leal claims that Robin Leal has been unjustly enriched to the extent of the payments he has made toward the mortgage, taxes, insurance, maintenance, etc. The court disagrees. He has been able to live in the house in return for making these payments.
In Count 4 James seeks recission-restitution. The court does not find he is entitled to this claim inasmuch as the quitclaim deed and his recording of same constitute a binding contract.
In Count 5 James seeks contribution from Robin for one-half of all payments toward the subject property. The court finds he is not entitled to such payments. He has had the benefit of living in the premises in return for such payments.
In Count 6 James claims he is entitled to partition of the subject premises. The court in its discretion will not order a partition of the premises at this time. It does not appear that either party has shown much interest in obtaining partition. Robin Leal has not asked for a partition and James in his brief has stated: "Both parties agree the best result is that the house CT Page 4601 remains as a residence for the plaintiff and as a place for his children to visit. The plaintiff also respectfully submits it is in the best interest of the parties the house remain as a place for residence for his new child and his mother."
Accordingly, judgment may enter for defendant Robin Leal on all counts.
Frances Allen Judge Trial Referee